UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HORACEK, #218347,     )
     Plaintiff,            )
                             )     No. 2:13-cv-280; 2:15-cv-38
-v-                        )
                             )     HONORABLE PAUL L. MALONEY
DANIEL HEYNS ET AL.,       )
     Defendants.          )
_____)

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

In September 2013, Plaintiff Daniel Horacek filed this pro se civil rights action for violations of the First, Eight, and Fourteenth Amendment pursuant to 42 U.S.C. § 1983, along with the Religious Land Use and Institutionalized Persons Act (RLUIPA).

On June 9, 2016, Defendants filed a motion for summary judgment (ECF No. 97), and on December 15, 2016, Magistrate Judge Timothy Greeley issued a report recommending that Defendants' motion be granted in part and denied in part. (ECF No. 114 at Page.637–38.)

More particularly, the Magistrate Judge recommended that all of Plaintiff's claims against Defendants in their individual capacities be dismissed and Plaintiff's Eighth Amendment claim against Defendants in their official capacities should be dismissed, but Plaintiff's RLUIPA, First Amendment, and Fourteenth Amendment claims against Defendants in their official capacities should remain. (*Id.* at PageID.638.)

Both parties have filed objections to the Report and Recommendation, and the Court will address each in turn on de novo review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

As an initial matter, the Court will note that several arguments contained in Defendants' objections—four of them over seven or so pages—do not suffice, or barely suffice, to warrant review. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'"). "Although exceptional circumstances may warrant departure from the waiver rule in the interests of justice, *Thomas v. Arn*, 474 U.S. 140, 155 (1985), no exceptional circumstances exist in this case." *Engle v. Ohio Dep't of Rehab. and Corr.*, 59 F. App'x 763, 764 (6th Cir. 2003).

### a.    Defendants' First Objection

Defendants first argue that its Food Service Program is not subject to the Religious Land Use and Institutionalized Persons Act (RLUIPA) because that particular program does not receive funding from the federal government. This argument requires the Court to engage in statutory interpretation of the relevant sections.

The protection of religious exercise of institutionalized persons "applies in any case in which . . . the substantial burden is imposed in a program or activity that receives Federal financial assistance . . . ." 42 U.S.C. § 2000cc-1(b)(1). "Program or activity" is defined broadly to mean "*all of the operations of any entity* as described in paragraph (1) or (2) of section 2000d-4a of this title." 42 U.S.C. § 2000cc-5(6) (emphasis added).[1] In turn, " 'program or activity' and the term 'program' mean *all of the operations of . . . a department*, agency,

---

[1] The State disingenuously omits "all" from its argument, asserting that "the legislature defined 'program or entity' as the operations of any such entity." (ECF No. 120 at PageID.669.)

2

special purpose district, or other instrumentality of a State or of a local government . . . ." 42 U.S.C. § 2000d-4a(1)(A) (emphasis added).

Distilling these cross-references, the scope of the Act provides: the protection of religious exercise of institutionalized persons "applies in any case in which . . . the substantial burden is imposed in [all of the operations of . . . a department . . . of a State . . . .]." 42 U.S.C. § 2000cc-1(b)(1) *incorporating by reference* 42 U.S.C. §2000d-4a(1)(A).

Read one way literally, the definition would seem to apply only where the burden occurs in "all" of the operations of a state department at once. That broad reading is not the correct one, as the State surely would admit. But neither is the State's reading correct—it rests on a narrow definition of a singular "program or activity" within a department, in spite of the fact that "program or activity" is defined broadly as "*all* of the operations" of the covered entity. 42 U.S.C. § 2000d-4a(1)(A) (emphasis added).

It's clear to this Court that "all of the operations of any entity" most naturally encompasses "any operation" of a defined entity that "receives Federal financial assistance" in the context of the section regarding the scope of the Act. *See* 42 U.S.C. § 2000cc-1(b)(1). In other words, the Act "applies in any case in which . . . the substantial burden is imposed in [any] operation[] of . . . a department . . . of a State . . . ." 42 U.S.C. § 2000cc-1(b)(1) *incorporating by reference as modified* 42 U.S.C. §2000d-4a(1)(A).

While a generic reading of "program or activity" in 42 U.S.C. § 2000cc-1(b)(1) seems to narrow the definition to a particular "program or activity," the statutory definitions reflect that "program or activity" encompasses "*all* of the operations" of a covered entity.

3

Defendants admit they "are unaware of any caselaw supporting or rejecting their argument." (ECF No. 120 at PageID.668.) That is indeed a red flag. Surely if the State's argument had any merit, various programs within bureaucratic departments of States would have escaped liability somewhere in federal court before.

The Court's definition is also in accord with one of the primary rules of construction in the RLUIPA: "This chapter shall be construed in favor of broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution." 42 U.S.C. § 2000cc-3(g).

Accordingly, Defendants' first objection is **OVERRULED**. (ECF No. 120.)

### b.     Defendants' Second Objection

Defendants do not develop an argument that Plaintiff's beliefs are not sincerely held. Rather, Defendants essentially contend in their second objection that the burden placed on Plaintiff is not a substantial one.

Defendants begin their second objection by asserting "[t]he Magistrate Judge erred in distinguishing this case from other cases raising the same claims." (ECF No. 120 at PageID.670.) Defendants then cite a single unpublished case, *McKenzie v. Mich. Dep't of Corr.*, 2013 WL 5963115 (W.D. Mich. 2013), *aff'd* No. 14-1112, slip op. at *3 (6th Cir. July 15, 2015), where a complaint was dismissed for "fail[ing] to allege facts demonstrating that a Kosher vegan diet places a substantial burden on their ability to practice the tenets of the Jewish faith," *id.* at *4, *i.e.*, failure to state a claim. Subsequently, the case was affirmed by the Sixth Circuit Court of Appeals in an unpublished opinion, where the Court held that "the scripture cited by the plaintiffs as supporting their sincerely held religious beliefs does

not require the consumption of meat and dairy products, but, instead specifies that any such products, if consumed, must comply with God's dietary laws." *McKenzie*, slip op. at \*3.

However, in their motion for summary judgment, Defendants only utter the words "substantial burden" in their first argument once and otherwise those words only appear a few times in a couple of case quotations in a section where Defendants argue they are entitled to qualified immunity in their individual capacities on the First Amendment claim because, for example, "it cannot be said that it is clearly established that prisons are required to provide meat to prisoners." (*See* ECF No. 98 at PageID.528, 531.) And this question—whether Plaintiff faces a substantial burden under RLUIPA or otherwise—was nowhere included in Defendants' "concise statement of issues presented." (*Id.* at PageID.520.)

Thus, to the extent Defendants argue that Plaintiff has not demonstrated a substantial burden under the RLUIPA or the First Amendment, that argument is waived, at least for purposes of this summary judgment motion. *See, e.g. United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)) ("[I]ssues raised for [the] first time in objections to magistrate judge's report and recommendation are deemed waived."); *accord. Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *Gustafson v. Comm'r of Soc. Sec.*, 2013 WL 782712, at \*2 (W.D. Mich. Mar. 1, 2013) ("The issue is therefore procedurally

waived because parties may not raise new arguments or issues at the district court stage that were not presented to the magistrate judge.").

Defendants next claim that cited portions of the Schulhan Aruch provided no support for the quotations contained in the Report and Recommendation. It's clear, though, that the Plaintiff merely relies upon a different version, volume, or chapter of the Code than the online version that the State cites to as authoritative. (*See* ECF No. 121-1 at PageID.707 (stricken).) Plaintiff's version clearly includes the relevant provisions. (*See id.*)

Moreover, it matters not. "[T]he protection of RLUIPA, no less than the guarantee of the Free Exercise Clause, is 'not limited to beliefs which are shared by all of the members of a religious sect.'" *Holt v. Hobbs*, 135 S. Ct. 853, 862–63 (2015) (quoting *Thomas v. Review Bd. of Indiana Emp't Security Div.*, 450 U.S. 707, 715–16 (1981)). The Sixth Circuit has likewise held: "[t]he substantial-burden question turns on the impact of a government regulation on the individual *inmate*, not the centrality of those beliefs to canonical texts as interpreted by judges or prison officials." *Haight v. Thompson*, 763 F.3d 554, 567 (6th Cir. 2014) (remanding the action "for further development to account for these considerations").

Thus, Defendants' argument, for example, that those who are "Jewish" all fall in the same basket and therefore merely must not receive "non-kosher food," misses the mark.

Finally, and tangentially, Defendants meander through an argument that "plaintiff's request" for meat or fish every Saturday and on holy days "is forcing the State into the business of supporting a religion—something that the establishment clause of the First Amendment prohibits." (ECF No. 120 at PageID.673.) But that same argument could be made with respect to providing kosher meals, halal meals, or any other religious meals.

Those meals require the State to expend additional resources. Yet Congress made it a *priority* "[t]o secure redress for inmates who encountered undue barriers to their religious observances . . . ." *Cutter v. Wilkinson*, 544 U.S. 709, 716–17 (2005); *see id.* at n.5 (citing 146 Cong. Rec. 16698, 16699 (2000) (joint statement of Sen. Hatch and Sen. Kennedy)) (noting a long history of "'frivolous or arbitrary' barriers imped[ing] institutionalized persons' religious exercise").

The very next sentence, then, Defendants argue that so "long as the MDOC serves a meal that does not actively violate the plaintiff's professed religious beliefs, there should be no further obligation." (*Id.*) But that begs precisely what Plaintiff claims here. Plaintiff contends he needs to eat meat or fish on Saturdays and holy days, and that contention is really just one additional dietary need that he claims is required by his beliefs.

In sum, Defendants' second objection is **OVERRULED**. (ECF No. 120.)

However, many of these matters will still require resolution at trial.[2]

A final note with respect to this objection. The Magistrate Judge concluded that "a reasonable trier of fact could determine that providing only a vegan menu creates a substantial burden on Plaintiff's religious beliefs." (ECF No. 114 at PageID.630.) That conclusion must stand at this time because Defendants never sufficiently developed an argument otherwise in their motion for summary judgment. But ultimately, that may or may not be the appropriate standard for simply determining whether Plaintiff's burden is a

---

[2] It appears that Plaintiff only seeks prospective injunctive relief under RLUIPA and neither party has demanded a jury trial.

substantial one because after reviewing the briefing, it does not appear that there are legitimate questions of fact, per se, to resolve at trial.[3]

Some authority holds that under RLUIPA, "where there are no contested findings of fact, and where neither party argues that there are material issues of fact for trial—we view the question of whether 'a substantial burden' exists as a question of law subject to de novo review." *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 93 (1st Cir. 2013); *see, e.g., Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 733 (6th Cir. 2007) (appearing to apply de novo review of the Court's "legal conclusion" that a denial of a land-use proposal "imposes a substantial burden on Living Water's religious exercise"); *cf. Mich. Catholic Conference & Catholic Family Servs. v. Burwell*, 755 F.3d 372, 385 (6th Cir. 2014), *vacated and remanded on other grounds by* 135 S. Ct. 1914 (Apr. 27, 2015) (citing *Mahoney v. Doe*, 642 F.3d 1112, 1121 (D.C. Cir. 2011) ("Whether a government obligation substantially burdens the exercise of religion [under RFRA] is a question of law, not a 'question[] of fact, proven by the credibility of the claimant.'")). Other authority suggests the contrary. *See, e.g., Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (concluding that prisoner did "not put forth sufficient evidence that a reasonable jury could conclude that his ability to practice his religion has been substantially burdened"); *cf. Tree of Life Christian Sch. v. City of Upper Arlington*, 823 F.3d 365, 367 (6th Cir. 2016) (finding factual issues in the RLUIPA context).

This matter will need resolution, and perhaps additional briefing, at a later time.

---

[3] The only scant factual dispute appears to be the State's argument that none of Plaintiff's cited canonical texts exist. But as the Court has already discussed, that argument fails.

### c.    Defendants' Third Objection

Defendants next essentially argue that any accommodation for Plaintiff would be too expensive. But again, this argument has been procedurally waived at this point because it was underdeveloped before the Magistrate Judge in Defendants' section arguing qualified immunity in the individual liability context, the First Amendment, and a rational basis test. That initial section was far insufficient to grant Defendants' summary judgment at this juncture on what is a complicated burden-shifting question under RLUIPA.

Although this argument must fail at this juncture, the State may certainly argue this factor as relevant and/or controlling at trial. *See, e.g., Holt*, 135 S. Ct. at 863 (discussing a "more focused inquiry" under RLUIPA); *Patel*, 515 F.3d at 815 n.10 ("[E]ven if we were to conclude that the appellees substantially burdened Patel's right to exercise his religion, they could show that they had a compelling interest achieved by the least restrictive means under RFRA and RLUIPA, or that the burden was reasonably related to legitimate penological objectives under the Free Exercise Clause pursuant to the balancing test in *Turner* . . . .").

Defendants' third objection is **OVERRULED**. (ECF No. 120.)

### d.    Defendants' Fourth Objection

Defendants' final objection is much too general to warrant any consideration. Not a single citation is made to the record or to any case law, and the Court will not sift through the record to support a bald assertion that "[t]he plaintiff has not done that." (ECF No. 120 at PageID.674.)

Defendants' fourth objection is **OVERRULED**. (ECF No. 120.)

###### e.    Plaintiff's First Objection

Plaintiff's sole objection relates to the Magistrate Judge's handling of his Eighth Amendment claim. The Court agrees that had Plaintiff shown that he has or is suffering a concrete injury as a result of meals that did not take into account both his peanut allergy and his religious diet, there *might* be questions of fact as to whether the diet provided to Plaintiff meets basic nutritional needs.

However, Plaintiff's chief problem remains: he has not demonstrated that he has been injured in any way by "being denied . . . 14 meals per month for over three years . . . ." (ECF No. 115 at PageID.641.) The failure to produce any evidence at summary judgment that Plaintiff was injured, as a result of the denial of these sporadic meals and eating 76 out of 90 meals in any given month, is fatal to his claim. Fed. R. Civ. P. 56(c)(1); *see Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (one meal per day that provides sufficient nutrition to sustain normal health fails to state a claim for an Eighth Amendment violation).

It's not enough to baldly assert that the denial of meals "creates a question for a jury as to what harm such long-term denial of meals has caused." (ECF No. 115 at PageID.642.) Plaintiff must *explain* how these sporadic denials constitute a denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).[1]

Therefore, Plaintiff's objection is **OVERRULED**. (ECF No. 115.)

---

[1] In this vein, while Plaintiff pleads for more discovery, he still has yet to specifically assert how he has suffered a concrete injury by the denial of sporadic meals.

## ORDER

For the reasons contained in this opinion, the Court hereby **OVERRULES** all objections filed by Defendants and Plaintiff.

The Magistrate Judge's Report and Recommendation is **ADOPTED** (ECF No. 114), though the Court reserves the right to conclude differently on certain legal matters at trial since the posture of this matter is merely a report recommending a denial of Defendants' motion for summary judgment. Defendants' motion for summary judgment is **GRANTED IN PART** as to Plaintiff's Eighth Amendment claim and **DENIED IN PART** in all other respects. (ECF No. 97.)

All claims against Defendants in their individual capacities are dismissed. Plaintiff's Eighth Amendment claim is dismissed. Plaintiff's RLUIPA, First Amendment, and Equal Protection claims against Defendants in their official capacities remain.

In the interests of judicial economy, the Court may request more focused briefing from the parties on certain issues prior to trial.

**IT IS SO ORDERED**.

Date:   March 31, 2017            /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge