UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DANIEL HORACEK, #218347, ) | |
| Plaintiff, ) | |
| ) | No. 2:13-cv-280 |
| -v- ) | No. 2:15-cv-38 |
| ) | HONORABLE PAUL L. MALONEY |
| HEIDI WASHINGTON, et al., ) | |
| Defendants. ) | |
| ) | |

## ORDER

The above-captioned cases are civil rights actions brought by state prisoner Plaintiff Daniel Horacek. The core of Horacek's lawsuit is that the Michigan Department of Corrections (MDOC) has violated his rights under the Religious Land Use and Institutionalized Persons Act,[1] the First Amendment, and the Fourteenth Amendment Equal Protection Clause by failing to provide a meal plan that complies with his religion: Horacek is an Orthodox Jew.

These cases have been stayed for nearly two years pending resolution of *Ackerman v. Washington*, Case No. 4:13-cv-14137, filed in the United States District Court Eastern District of Michigan Southern Division (*see* ECF No. 212).[2] The *Ackerman* case appears to have resolved some issues that are related to the issues presented by Horacek. On the Court's recent investigation, it appears that the final motions in the *Ackerman* case were resolved on March 3, 2021. Accordingly, the Court will lift the stay here and handle the pending motions.

---

[1] 42 U.S.C. § 2000cc-1, *et seq.*
[2] Unless otherwise noted, cites to the record refer to the docket numbers in the lead case, Case No. 2:13-cv-280.

At the outset, the Court notes that the factual and legal landscape has shifted since Horacek filed his first lawsuit in 2013. The *Ackerman* decision is the most recent example, but MDOC policies have also changed. Given the lengthy stay, the parties have not had the opportunity to address these changes, and the Court is not inclined to address the merits of this case without the parties' view of the relevant circumstances.

With that in mind, the Court first considers Horacek's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 203; Objection ECF No. 205). With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Normally, a district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

However, in this case, the Court notes that the issue considered by the R&R—Horacek's request for kosher meals during the April 19, 2019 Passover holiday—has long been moot, which Horacek recognizes in his objection to the R&R (*see* ECF No. 205 at PageID.1474). Given the length of time that has passed, the Court will vacate the R&R and instead dismiss Horacek's motion for a temporary restraining order as moot.

The Court also acknowledges that there are two outstanding motions for summary judgment (ECF Nos. 188, 193). These motions were filed in late 2018 and early 2019, so they necessarily do not take account of the *Ackerman* case and any impact it may have on Horacek's situation. Accordingly, the Court will dismiss these motions without prejudice.

## ORDER

**IT IS ORDERED** that the stay (ECF No. 212) is **LIFTED**.

**IT IS FURTHER ORDERED** that the April 4, 2019 Report & Recommendation (ECF No. 203) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order (ECF No. 198) is **DISMISSED as moot.**

**IT IS FURTHER ORDERED** that the motions for summary judgment (ECF Nos. 188, 193) are **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

**Date:**  March 30, 2021                               /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge