UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HORACEK, #218347,　　　　　　　　Case No. 2:13-cv-280

　　　　　Plaintiff,　　　　　　　　　　　　Hon.  Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge
v.

MICHAEL MARTIN, et al.,

　　　　　Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.　　Introduction**

This Report and Recommendation (R&R) addresses the motions for summary judgment filed by Defendants Michael Martin, Brad Purvis, and Heidi Washington. (ECF No. 248) and Plaintiff Horacek (ECF No. 252).

Plaintiff — state prisoner Daniel Horacek — filed suit under 42 U.S.C. § 1983 on September 6, 2013.  (ECF No. 1.)  In his verified Complaint, Horacek claimed that Daniel Heyns,[1] the Director of the Michigan Department (MDOC); Michael Martin, the Special Activities Director of the MDOC; and Brad Purvis, the Food Service Manager of the MDOC, violated his rights under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA).  (*Id.*, PageID.10-14.)  Specifically, Horacek said that Defendants

---

[1]　　On March 5, 2018, Heidi Washington, the current Director of the MDOC, was substituted in for Heyns pursuant to Fed. R. Civ. P. 25(d).

violated his free exercise rights and rights under the RLUIPA when it combined all religious meals into one vegan menu on July 26, 2013, and adopted a policy that the Passover Seder would only be conducted at Parnall Correctional Facility (SMT) in Jackson, Michigan. (*Id.*, PageID.10-11.) Horacek further averred that Defendants violated his equal protection rights by prohibiting prisoners outside of SMT from participating in the Passover Seder. (*Id.*, PageID.10-11.). Finally, Horacek claimed that Defendants acted with deliberate indifference to his serious medical needs by abandoning its policy of adapting kosher diets for prisoners with medical needs. (*Id.*, PageID.12.) This Court dismissed Horacek's Eighth Amendment claim on March 31, 2017. (ECF No. 125.)

The parties now move for summary judgment on Horacek's remaining claims. (ECF Nos. 248, 252.) They primarily dispute: (1) whether Horacek's claims related to the provision of vegan religious meals are precluded by the resolution of *Ackerman v. Washington*, 436 F. Supp. 3d 1002 (E.D. Mich. 2020), *aff'd*, 16 F.4th 170 (6th Cir. 2021), (2) whether Horacek's claims related to the provision of vegan religious meals are moot as a result of the permanent injunction issued in *Ackerman*, and (3) whether MDOC policy in fact prevents prisoners outside of SMT from participating in Passover Seders.

The undersigned respectfully recommends that this Court deny Horacek's motion for summary judgment, and grant Defendants' motion for summary judgment. The undersigned finds there are no genuine issues of fact, and Defendants are entitled to judgment. Horacek is precluded from asserting his free exercise and RLUIPA

2

claims related to the provision of vegan religious meals because the claims were either litigated, or could have been litigated, in *Ackerman*. Alternatively, the undersigned determines that these claims are moot because, as a result of the ruling in *Ackerman*, Horacek now receives meat and dairy on the Sabbath and religious holidays. Thus, there is no live controversy necessitating declaratory judgment as to Horacek's free exercise claim. Finally, the undersigned finds that the Court should grant summary judgment for Defendants with respect to Horacek's claims related to the Passover Seder because Horacek was mistaken in his complaint; MDOC policy does not preclude prisoners outside of SMT from participating in a Passover Seder.

## II. Relevant Procedural History

This case has an extensive procedural history, part of which was set forth in the undersigned's since-vacated April 4, 2019 R&R:

> On September 6, 2013, Plaintiff filed this complaint against Defendants MDOC Director Daniel H. Heyns, Special Activities Director Michael Martin, and Food Service Manager Brad Purvis. Plaintiff alleged that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act, (RLUIPA), 42 U.S.C. § 2000cc-1 (2003), the First Amendment, the Fourteenth Amendment Equal Protection Clause, and the Eighth Amendment. Plaintiff complained that the universal vegan religious meal implemented by the MDOC in July of 2013, denied him meat and fish during Passover Seder and the Sabbath. Plaintiff asserted that he made a request for an alternative meal on August 5, 2013, but never received a response.
>
> On February 11, 2014, Plaintiff's first motion for a TRO and preliminary injunction was denied by U.S. District Judge R. Allan Edgar. (ECF No. 29.) Judge Edgar found that Plaintiff's First Amendment and RLUIPA claims did not have a likelihood of success on the merits. That conclusion was based on *Salaam v. Corr. Corp. of Am.*, 21 Fed. App'x 258, 260-61 (6th Cir. 2001), which held that a vegetarian diet reasonably accommodated a prisoner's religious beliefs despite the prisoner's assertion that eating fish was a fundamental tenet. Similarly, Judge

3

Edgar concluded that "as long as a prisoner is given a meal that conforms to his religious beliefs, the prisoner does not suffer a substantial burden to his beliefs under RLUIPA." (PageID.314.) In addition, Judge Edgar concluded that Plaintiff's claims were unlikely to succeed because: (1) Plaintiff failed to show that he was denied adequate nutrition; (2) his Fourteenth Amendment due process claim failed to show a denial of a liberty or property interest; and (3) his assertion that his equal protection rights were violated because the Passover Seder was only available to inmates housed at the Parnall Correctional Facility is based upon a misreading of the MDOC policy directives. (PageID.316-318.)

On July 15, 2014, judgment was entered dismissing the complaint due to Plaintiff's failure to exhaust administrative grievance remedies. (ECF No. 53.) On May 13, 2015, the Sixth Circuit vacated the district court's judgment dismissing the case because there existed an issue of fact regarding whether Plaintiff properly exhausted his administrative grievance remedies.[2] (ECF No. 58.) At some point prior to May 5, 2015, Plaintiff was released from prison, but by October of 2015, Plaintiff returned to prison after he was convicted of several crimes he had committed during May of 2015. (ECF No. 66 and footnote #1.) In an opinion issued on November 5, 2015, Judge Edgar concluded that Plaintiff exhausted his administrative grievance remedies. (ECF No. 78.)

Defendants moved for summary judgment on June 1, 2016. (ECF No. 97.) Plaintiff filed a response on November 4, 2016. (ECF No. 112.) U.S. Magistrate Judge Timothy P. Greeley issued a Report and Recommendation on December 15, 2016. (ECF No. 114.) On March 31, 2017, this Court issued an Opinion and Order adopting the Report and Recommendation. The Court further explained that it "reserves the right to conclude differently on certain legal matters at trial since the posture of this matter is merely a report recommending the denial of Defendants' motion for summary judgment" and hinting that "more focused briefing from the parties on certain issues prior to trial" may be necessary. (ECF No. 125, PageID.727.) The Court dismissed Plaintiff's Eighth Amendment claim and all claims against Defendants in their individual capacities.

(ECF No. 203, PageID.1429-1431 (footnote omitted).)

---

[2]    Before the Sixth Circuit vacated the Court's judgment, Horacek filed another lawsuit asserting the same claims. *See Horacek v. Heyns*, W.D. Mich. Case No. 2:15-cv-38. On September 15, 2015, Judge Edgar consolidated this case and *Horacek v. Heyns*, W.D. Mich. Case No. 2:15-cv-38. (ECF No. 60.)

On April 6, 2017, the Court set this matter for a bench trial before U.S. District Judge Paul L. Maloney on October 24, 2017. (ECF No. 126 (Case Management Order).) That bench trial was later rescheduled several times (ECF No. 156 (Case Management Order); ECF No. 165 (Case Management Order); ECF No. 183 (Case Management Order)) and was ultimately cancelled (ECF No. 192).

On November 30, 2018, Horacek moved for summary judgment. (ECF No. 188.) On January 8, 2019, Defendants moved for summary judgment. (ECF No. 193.) On March 6, 2019, Horacek moved for a temporary restraining order. (ECF No. 198.) The undersigned issued an R&R recommending that the Court deny Horacek's motion for a temporary restraining order on April 4, 2019. (ECF No. 203.) But before the Court issued an order adopting or rejecting the R&R, or ruled on the pending motions for summary judgment, the Parties stipulated to staying the case pending the resolution of *Ackerman*. (ECF No. 212 (Stipulated Order).)

*Ackerman* was resolved on March 3, 2021, and Judge Maloney issued an order lifting the stay on March 30, 2021. (ECF No. 221, PageID.1533.) In the same order, Judge Maloney vacated the April 4, 2019 R&R, dismissed Horacek's motion for a temporary restraining order as moot, and dismissed the pending motions for summary judgment without prejudice. (*Id.*, PageID.1535.)

On May 6, 2021, the Court set a dispositive motion deadline for July 1, 2021, and a jury trial for January 25, 2022. (ECF No. 226.) But Defendants moved to stay the case again pending the outcome of the appeal in *Ackerman*. (ECF No. 234.) The undersigned granted Defendants' motion, and the case was again stayed. (ECF No.

5

237.) The undersigned lifted the stay on January 19, 2022, after the Sixth Circuit affirmed the Eastern District's decision in *Ackerman*. (ECF No. 244.) In the order lifting the stay, the undersigned set a new dispositive motion deadline for February 18, 2022. (*Id.*) Defendants filed a motion for summary judgment (ECF No. 248), as did Horacek (ECF No. 251).

### III. Relevant Factual Allegations

Horacek's allegations revolve around the MDOC's revision of its Policy Directive (P.D.) 05.03.150 in July of 2013.[3]

Horacek is an Orthodox observant Ashkenazic Jew. (ECF No. 1, PageID.9.) One basic tenant of the Jewish faith is observing a kosher diet. A kosher diet includes meat or fish on the Sabbath and on holy days. (*Id.*) On the holy day of Shavout, observant Jews must consume dairy. (*Id.*) During Passover, observant Jews do not consume wheat, oats, corn, legumes, or rice. (*Id.*, PageID.10.) Also during Passover, observant Jews hold the Passover Seder, in which they must eat meat and eggs. (*Id.*)

Horacek says that prior to July 26, 2013, the MDOC had a Kosher Meal Program for Jewish prisoners that included meat or fish on Sabbath and Jewish holidays and accommodated the additional meal restrictions during Passover. (*Id.* (citing MDOC P.D. 05.03.150 (effective May 24, 2004)).)[4] At the time, the MDOC

---

[3] The version of MDOC P.D. 05.03.150 adopted in 2004 and superseded in 2007 can be found at ECF No. 1-1, PageID.26-34. The version of MDOC P.D. 05.03.150 adopted in 2013 can be found at ECF No. 1-2, PageID.56-68. The most recent version of MDOC P.D. 05.03.150, adopted in 2022, can be found at ECF No. 249-3, PageID.1626-1637.

[4] While Horacek cites the 2004 version of the policy directive as preceding the 2013 version, the 2013 version was in fact preceded by a 2007 version of the policy

6

allowed prisoners to hold a Passover Seder at any facility and provided for medical accommodations to the kosher menu where necessary.[5] (*Id.*, PageID.12 ((citing MDOC P.D. 05.03.150 (effective May 24, 2004))).) But on July 26, 2013, the MDOC revised its policy pertaining to religious meals.

Horacek says that the revised policy combined all religious diets into one vegan diet menu. (*Id.*, PageID.10 (citing MDOC P.D. 05.03.150 (effective July 26, 2013)).) In addition to consolidating religious diets to a vegan diet, the revised policy specified that Passover meals would be vegan. (*Id.*, PageID.11 (citing MDOC P.D. 05.03.150 (effective July 26, 2013)).) It also provided that an annual Passover Seder "shall only be conducted at the Parnall Correctional Facility." (*Id.* (citing MDOC P.D. 05.03.150 (effective July 26, 2013)).) And while it permitted prisoners who did not believe the vegan menu conformed to their religious dietary needs to request an alternative menu, the revised policy did not specify to whom such a request should be made. (*Id.* (citing MDOC P.D. 05.03.150 (effective July 26, 2013)).)

On August 5, 2013, Horacek says that he submitted requests for an alternative menu to his facility's Chaplain, Warden, former MDOC Director Heyns, and Defendants Martin and Purvis. (ECF No. 1, PageID.11.) Horacek also submitted a document outlining his concerns to his housing unit representative for consideration during the August 2013 Warden's Forum. By the time Horacek filed his complaint, he had not received any responses. (*Id.*)

---

directive. (*See* ECF No. 1-2, PageID.56 (MDOC P.D. 05.03.150 (effective July 26, 2013)).)

[5]   As with, for example, prisoners with peanut allergies.

7

Horacek says that the revised policy was signed into effect by Heyns. (*Id.*, PageID.12.) Purvis was the MDOC official responsible for providing religious diets and menus. (*Id.*) Finally, Martin oversaw religious observances, including religious diets. (*Id.*, PageID.13.)

## IV.   Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## V.   Universal Vegan Religious Meal Policy Claims

In his complaint, Horacek first asserts that the MDOC's policy of providing a standard, vegan religious meal violates his rights under the First Amendment and the RLUIPA because his faith requires him to consume fish, meat, and dairy on the Sabbath and during Jewish Holidays. (ECF No. 1, PageID.13.) As class member in

8

*Ackerman*, Horacek asserted identical claims against Defendants. 436 F. Supp. 3d at 1005. The *Ackerman* court ultimately determined that the MDOC's policy of providing standard, religious meals violated the plaintiffs' rights under the RLUIPA. *Id.* at 1019. The court then issued a permanent injunction requiring the MDOC to provide prisoners approved for the Kosher Meal Program with kosher meat and dairy products on the Sabbath and the Jewish holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot. Judgment at 3, *Ackerman*, 436 F. Supp. 3d 1002 (No. 4:13-cv-14137, ECF No. 251). Horacek nevertheless contends that the resolution of *Ackerman* does not preclude his free exercise or RLUIPA claims in this case, and that his claims are not moot because the text of MDOC P.D. 05.03.150 still refers to a universal vegan meal that adheres to kosher tenets. Defendants disagree, as does the undersigned.

### a. Claim Preclusion

The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984).

Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "To establish claim preclusion, the defendants need to show (1) a final judgment on the merits in a prior action; (2) a subsequent suit between the same parties or their privies; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (first quoting *Montana v. United States*, 440 U.S. 147, 153, (1979); and then citing *Wilkins v. Jakeway*, 183 F.3d 528, 532, 535 (6th Cir. 1999)).

### i. Final judgment

On October 4, 2019, the Eastern District of Michigan held a bench trial regarding the *Ackerman* plaintiffs' claims that the standard, vegan religious meal violated their rights under the First Amendment and the RLUIPA. On January 20, 2020, the court issued an opinion finding that the defendants violated the plaintiff's rights under the RLUIPA by "failing to accommodate their request for meat and dairy products on the Sabbath" and the holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavout. *Ackerman*, 436 F. Supp. 3d at 1019. On February 27, 2020, the court issued a final judgment on the merits. The judgment provided in part:

> (b) Defendant shall provide the Sub-Class with kosher meat and dairy products on the Sabbath (defined as sundown on Friday until sundown on Saturday) and the Jewish holidays of Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot, as those holidays are designated on the Jewish calendar.

Judgment at 3, *Ackerman*, 436 F. Supp. 3d 1002 (No. 4:13-cv-14137, ECF No. 251).

The Sub-Class consisted of:

> [A]ll Jewish individuals confined with the Michigan Department of Corrections who meet the requirements of the main class AND who have a sincere religious belief, which is seriously held, that they are to consume Certified Kosher meat and dairy on each of the Sabbaths and the following four Jewish holidays: Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot.

*Id.* at 2. Horacek was a member of this Sub-Class.

### ii. Parties to both actions

Horacek was an active class member in *Ackerman*. Horacek sent letters and filed motions with the court throughout the proceedings. *See, e.g.*, Motion for Reconsideration, *Ackerman*, 436 F. Supp. 3d 1002 (No. 4:13-cv-14137, ECF No. 315). Furthermore, Heyns, Martin, and Purvis were the original defendants named in *Ackerman*. Defendants were only dismissed from the case because plaintiffs amended their complaint, noting that the plaintiff had transferred to a new facility, that Heyns, Martin, and Purvis were no longer in the positions they were in when the complaint was filed, and that Washington was now responsible for the enforcement of the universal vegan religious meal policy. *See* Motion to Amend at 2-3, *Ackerman*, 436 F. Supp. 3d 1002 (No. 4:13-cv-14137, ECF No. 90).

### iii. Issues litigated or that could have been asserted

Like Horacek, the Ackerman plaintiffs asserted that the universal vegan religious meal policy violated their rights under the First Amendment and the RLUIPA. *Ackerman*, 436 F. Supp. 3d at 1005 ("Plaintiffs allege that the vegan diet violates their First Amendment rights and their rights under the [RLUIPA] because

11

their sincere religious beliefs require them to consume meat and dairy products on the Sabbath and four Jewish holidays.") Horacek nevertheless asserts that the court did not address the First Amendment claim in its opinion or judgment, and that his First Amendment claim therefore survives preclusion. (ECF No. 225, PageID.1710-1712.)

In *Ackerman*, it was the plaintiffs' choice to focus on the RLUIPA claim during the bench trial. *Ackerman*, 436 F. Supp. 3d at 1004 ("Plaintiffs focus on their statutory claim."). And even if the plaintiffs had not asserted a First Amendment claim, "[t]he doctrine of res judicata prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which could have been litigated in a prior action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009) (citing *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-661 (6th Cir. 1990)). In other words, Horacek's First Amendment claim is not the kind of individualized claim that escapes preclusion by a class action judgment.[6] *See 2 William B. Rubenstein*, Newberg on Class Actions § 18:17 (5th ed. 2020) ("Yet in a class action, not all claims that each class member may have will necessarily be common to the whole class. These individualized claims are not made part of the class action and,

---

[6] For example, in *Orum v. Michigan Department of Corrections, et al.*, the plaintiff asserted that his religious beliefs required him to consume kosher meat on dates beyond the Sabbath, Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot. Order Vacating Order Adopting R&R at 2, *Orum v. Mich. Dep't of Corrs., et al.*, No. 2:16-cv-109 (W.D. Mich. May 14, 2021), ECF No. 224. The Court determined that, although Orum was a class member in *Ackerman*, he was unable to assert his claim that he required kosher meat on additional holidays because his belief was not shared with the class. *Id.* at 3-4. As such, the Court determined that Orum's claims were not precluded. *Id.* at 5. In contrast, Horacek does not contend that he set forth claims in his complaint that he was unable to assert in *Ackerman* because they were based on his individualized religious beliefs

accordingly, are generally not precluded by the class action judgment.") Horacek's First Amendment claim could have been, and for a time was, a part of *Ackerman*.

### iv. The claims challenge MDOC's universal vegan religious meal policy

Finally, the claims asserted in *Ackerman* and the claims that Horacek asserts in this case arose out of same transaction involving the universal vegan religious meal policy within the MDOC prison facilities. In both lawsuits, Jewish prisoners confined at MDOC prison facilities claimed entitlement to meat on Sabbath days and Jewish holidays in accordance with Jewish law.

### v. Conclusion

In the opinion of the undersigned, Horacek's RLUIPA and First Amendment claims are barred under the doctrine of claim preclusion. A final decision on the merits was reached in *Ackerman* on February 27, 2020, and Horacek and the Defendants were parties in both cases. The issues Horacek asserts in this case were either fully considered in *Ackerman* or could have been raised in *Ackerman* because they arise out of the same cause — the MDOC's provision of a universal vegan religious meal. Defendants have satisfied their burden of showing that Horacek can prove no set of facts that could provide him any other relief on the issues presented under the RLUIPA or the First Amendment. There exists no reason for this Court to revisit the *Ackerman* litigation in this case.

### b. Mootness

Although the undersigned finds that Horacek's RLUIPA and free exercise claims are subject to claim preclusion, the undersigned alternatively recommends that

13

the Court rule that these claims are moot. In his complaint, Horacek asked the Court for declaratory and injunctive relief precluding the application of the universal vegan religious meal policy based on his sincerely held belief that he is required to eat meat and dairy on Jewish holy days. (ECF No. 1, PageID.14-15.) As noted above, the *Ackerman* court provided Horacek with injunctive relief in its February 27, 2020 judgment. True, the court did not declare that the universal vegan religious meal policy violated the First Amendment, but in this case, the undersigned finds that the injunction issued by the *Ackerman* court eliminated any actual controversy between the parties.

"The case or controversy requirement applies to declaratory judgment action as well as to other cases of a more conventional nature." *Detroit, Toledo & Ironton R. Co. v. Consol. Rail Corp.*, 767 F.2d 274, 279 (6th Cir. 1985). To determine whether there is a controversy in a declaratory judgment action, this Court must consider "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties, having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Horacek asserts that there is a live controversy warranting the issuance of a declaratory judgment with respect to his First Amendment claim, namely that the text of MDOC P.D. 05.03.150 still states that the MDOC provides a vegan menu to meet religious dietary needs, and that "the vegan menu shall comply with Kosher and Halal religious tenets." (ECF No. 252, PageID.1660 (Horacek's Brief in Support of Summary

14

Judgment); ECF No. 255, PageID.1712-1713 (Horacek's Response to Defendants Motion for Summary Judgment).) Put simply, this assertion is a reach.[7]

As an initial matter, Horacek's claim is not that the provision of vegan meals at any time violates his religious tenets, but that the provision of vegan meals on Sabbath and Jewish holidays violates his religious tenets. Assuming that the MDOC provides vegan meals to prisoners on the Kosher Meal Program on non-holy days, those meals still need to comply with kosher tenets. And P.D. 05.03.150 provides that "[a]n alternative menu will be developed and provided . . . with the approval of the Deputy Director . . . if it is determined that the vegan menu does not meet the religious dietary needs of the prisoner."

But regardless of the way that text is interpreted, the MDOC began providing kosher meat and dairy on the Sabbath, Rosh Hashanah, Yom Kippur, Sukkot, and Shavuot as soon as the court issued its judgment in *Ackerman*. (ECF No. 249-2, PageID.1623 (Affidavit Herbert Barry, Former Food Service Contract Manager).) By March 28, 2020, the MDOC provided meat and dairy to all of the prisoners approved for the Kosher Meal Program. (*Id.*) And Horacek does not contest that he has been

---

[7] Horacek also claims that he suffers an immediate risk of his rights being violated based on MDOC P.D. 05.03.150 ¶ VV(2), which discusses the steps that outside groups must complete in order to donate food for religious observances, and provides that "[p]risoner store food items are not permitted for prisoner religious observances." (ECF No. 255, PageID.1715). But not only was this provision absent from Horacek's complaint, the provision was not a part of the 2013 version of P.D. 05.03.150. Horacek cannot assert new claims, or expand his claims to assert new theories, for the purposes of summary judgment. *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 817 (6th Cir. 2020); *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007).

receiving meat and dairy on Jewish holy days since the resolution of *Ackerman*. Because the MDOC no longer enforces the alleged unconstitutional policy, there is no live controversy with respect to Horacek's First Amendment or RLUIPA claims. The undersigned therefore recommends that the claims are moot.

## VI. Passover Seder Claims

Horacek also asserts that Defendants violated his rights under the Free Exercise Clause, the RLUIPA, and the Equal Protection Clause by enacting a policy prohibiting Jewish prisoners outside of the Parnall Correctional Facility (SMT) from holding a Passover Seder. (ECF No. 1, PageID.13-14.)

In denying Horacek's motion for a temporary restraining order back in 2014, this Court explained that:

> In *Whitney*, the Sixth Circuit held that a 1985 MDOC policy, which prohibited Jewish prisoners from traveling between complexes within the former State Prison of Southern Michigan (SPSM) in order to attend weekly Sabbath services and an annual Passover Seder, violated the First Amendment. At that time, SPSM was comprised of the Southern Michigan Correctional Facility (JMF) and the Parnall Correctional Facility (SMT). *Whitney*, 882 F.2d at 1070. The *Whitney* Court, however, narrowed its holding to only those conditions of SPSM at the time of the complaint, in the mid-1980's. The *Whitney* court stated that "[t]he inmates acknowledge that plans to divide the SPSM into separate facilities one day, . . . , apparently now five or six years down the road, might raise other questions concerning inmate's intercomplex travel." *Id.* at 1075. JMF and SMT are now separate, independently managed prison facilities, quite unlike the situation in 1986.
>
> MDOC Policy Directive 05.03.150, ¶UU, states "pursuant to court order, an annual Passover Seder shall only be conducted at the Parnall Correctional Facility." The policy refers to the court order in *Whitney*. However, the *Whitney* court only concerned Jewish prisoners at JMF and SMT. It did not concern prisoners incarcerated at NCF. Accordingly, the general policy regarding the observance of religious fasts and feasts would pertain to the prisoners housed at NCF.

16

> According to MDOC Policy Directive 05.03.150, ¶VV, "prisoners shall be permitted to observe religious fasts and feasts that are necessary to the practice of their religion, as approved by the Special Activities Coordinator and set forth in the Handbook of Religious Groups." If Plaintiff wants to participate in a Passover Seder, he should submit a written request to the warden. *See* MDOC Policy Directive 05.03.150, ¶VV. Because it does not appear that the Passover Seder is limited to SMT, it is highly unlikely that Plaintiff's claim will have a substantial likelihood of success.

(ECF No. 29, PageID.317-318.)

As predicted by the Court, the Passover Seder is not limited to SMT. For example, Horacek took part in the Passover Seder in 2020 while detained at the Carson City Correctional Facility (DRF). (ECF No. 249-4, PageID.1640 (Affidavit of Gerald Erskine, DRF Chaplain).) Horacek did not take part in the Passover Seder in 2021, but only because DRF was on lockdown due to the ongoing pandemic. (*Id.*) And in 2022, while incarcerated Newberry Correctional Facility (NCF), Horacek helped plan the Passover Seder. (ECF No. 249-5, PageID.1644 (Affidavit of Adam Wahl, NCF Chaplain).) Horacek does not deny his participation in Passover Seders while housed at facilities other than SMT. It is clear that, however the current P.D. 05.03.150 ¶ TT may be interpreted by someone outside of the MDOC or without familiarity with *Whitney*, its application is in fact limited to JMF and SMT.

While Horacek does not dispute his participation in the Passover Seder outside of SMT, he attempts to save his claim by asserting that he "requires enough participants to constitute a Minyan for a Passover Seder and minimal accommodations to his meal." (ECF No. 252, PageID.1675; ECF No. 255, PageID.1715.) He further asserts that he "seeks the ability to invite family and friends

17

to the correctional facility, just as Christian inmates are permitted to do." (ECF No. 252, PageID.1675; ECF No. 255, PageID.1715.) But try as he might, Horacek cannot assert new claims, or expand his claims to assert new theories, for the purposes of summary judgment. *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 817 (6th Cir. 2020); *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007). And in his complaint, Horacek asserted only that MDOC P.D. 05.03.150 ¶ TT violated his rights because "he will now be denied any ability to observe the Passover Seder." (ECF No. 1, PageID.13.)

### VII. Recommendation

The undersigned respectfully recommends that this Court grant Defendants' motion for summary judgment and deny Horacek's motion for summary judgment because there are no genuine issues of material fact and Defendants are entitled to judgment as to all of Horacek's claims.

If the Court adopts this recommendation, this case will be dismissed.

Dated: August 17, 2022     /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).