UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL HORACEK, #218347,         )
                    Plaintiff,   )
                                 )   No.   2:13-cv-280
v.                               )         2:15-cv-38
                                 )
MICHAEL MARTIN, *et al.*,        )   Honorable Paul L. Maloney
                    Defendants.  )
                                 )

## ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ADOPTING THE REPORT & RECOMMENDATION

On August 17, 2022, Magistrate Judge Vermaat issued a Report and Recommendation ("R&R") recommending that this Court grant Defendants' summary judgment motions because Plaintiff's claims are barred by res judicata (*see* ECF Nos. 258, 249).[1] Alternatively, the R&R recommends granting Defendants' summary judgment motions because Plaintiffs' claims are now moot (*see id.*).

Following the issuance of the R&R, the parties stipulated to extend Plaintiff's time to object to the R&R (ECF Nos. 260, 251). He was given until September 12, 2022, to file objections (*Id.*). Before the extended objection period expired, Plaintiff filed a motion for leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2) to add an additional request for compensatory damages, punitive damages, and nominal damages (ECF Nos. 261,

---

[1] Plaintiff Horacek has two pending matters in this Court alleging the same claims. *See Horacek v. Washington*, No. 2:13-cv-280; *Horacek v. Heyns*, No. 2:15-cv-38. For this order, when the Court cites two docket entries, the first citation will reference the document in case number 2:13-cv-280, and the second will reference the document in case number 2:15-cv-38.

252). As of the date of this order, the objection period has expired, and Plaintiff has failed to file any objections to the R&R.

The Court will first address Plaintiff's motion for leave to file an amended complaint. The R&R recommends, as an alternative, granting Defendants' motions for summary judgment because Plaintiff's original complaint merely requested declaratory and injunctive relief, and these requests are moot in light of *Ackerman v. Washington*, 436 F. Supp. 3d 1002 (E.D. Mich. 2020), *aff'd*, 16 F.4th 170 (6th Cir. 2021). Plaintiff therefore seeks to amend his complaint to add an additional request for monetary damages to bypass the Magistrate Judge's finding that his claims are moot.

At the outset, to the extent that Plaintiff intends for his motion to amend the complaint to be an objection to the R&R, it is insufficient. *See Roan v. Ensminger*, 294 F. Supp. 3d 758, 761 (M.D. Tenn. 2018). Rule 72(b)(2) of the Federal Rules of Civil Procedure permits parties to file "specific" objections to the proposed findings and recommendations. Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). Plaintiff's motion does not challenge the factual findings or legal conclusions in the R&R; rather, it seeks to add an additional request for relief to get around the R&R's finding that his claims are (alternatively) moot.

2

Next, as for Plaintiff's request for leave to amend his complaint, the Court will not permit him to do so. After twenty-one days have passed following the service of a complaint, a plaintiff no longer has a right to amend his complaint. Fed. R. Civ. P. 15(a). Instead, in such a situation, a court should allow the plaintiff to amend his complaint "when justice so requires." *Id.* But "[a]lthough a court should freely give leave to amend a complaint when justice so requires, it does not need to give leave if doing so would be futile." *United States v. Bristol-Meyers Squibb Co.*, 874 F.3d 905, 917 (6th Cir. 2017); *see also Hotchkiss v. Garno*, No. 11-CV-12582, at *2 (E.D. Mich. Jan. 26, 2012) (quoting *Bauchman v. West High Sch.*, 132 F.3d 542, 561 (10th Cir. 1997)) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.").

Plaintiff filed the present cases in 2013 and 2015. The time for amending his complaint as a matter of course has long passed. *See* Fed. R. Civ. P. 15(a). Additionally, this Court's case management orders gave Plaintiff until January 30, 2018, to file a motion to amend his complaint (ECF Nos. 165, 148). Plaintiff may not amend his complaint as a matter of course, and he may instead only do so if justice requires.

The Court finds that justice does not require it to allow Plaintiff to amend his complaint. The only amendment that Plaintiff seeks to add is an additional request for monetary damages, which would undermine, at the very least, the R&R's mootness analysis. However, the R&R first recommends granting Defendants' motions for summary judgment because Plaintiffs' claims are barred by res judicata; the recommendation that Plaintiff's

claims are also moot is merely an alternative. Plaintiff failed to file any objections to the R&R, even after being granted an extended objection period. As such, even if the Court permitted Plaintiff to amend his complaint, he would merely cure his claims' mootness, not the fact that they are also barred by res judicata, and the Court would still grant Defendants' motions for summary judgment (given that Plaintiff failed to object to the R&R). His motion to amend his complaint is therefore futile, and the Court will exercise its discretion in denying the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a first amended complaint (ECF Nos. 261, 252) is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF Nos. 258, 249) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 248, 251; 239, 242) are **GRANTED**, and this matter is **TERMINATED.**

A judgment will enter consistent with this order.

**IT IS SO ORDERED.**

Date:  September 14, 2022                                   /s/ Paul L. Maloney
                                                                                   Paul L. Maloney
                                                                                   United States District Judge